IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUAN R. CERVANTES, )
)
Plaintiff, )
)
v. ) 1:15CV81
)
BRIDGEFIELD CASUALTY )
INSURANCE COMPANY, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Defendant Bridgefield Casualty Insurance Company's ("Defendant" or "Bridgefield") motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis that the North Carolina Industrial Commission has exclusive jurisdiction over the claims brought by Plaintiff Juan R. Cervantes ("Plaintiff" or "Cervantes"). (Docket Entry 19.) Plaintiff filed a response opposing the motion to dismiss. Bridgefield filed a reply. This motion has been fully briefed, and the matter is ripe for disposition.[1] For the reasons that follow, the court will grant Bridgefield's motion.

## I. BACKGROUND

Plaintiff filed this action in the Middle District of North Carolina on January 22, 2015 alleging several causes of action relating to Defendant's handling and ultimate denial of Plaintiff's workers' compensation claim. (*See generally* Complaint, Docket Entry 1.) These causes of action include intentional breach of contract with intent to cause serious economic

---

[1] By Order of Reference, this matter was referred to the undersigned to conduct all proceedings in this case pursuant 28 U.S.C. § 636(c). (Docket Entry 12.)

harm, intentional unfair and deceptive trade practices with intent to cause serious economic harm, and bad faith refusal to pay an insurance claim with intent to cause serious economic harm. (*Id.* at 9-14). Plaintiff seeks recovery of compensatory and punitive damages. (*Id.* at 17.) Defendant filed its Answer denying liability and asserting several affirmative defenses, including lack of subject matter jurisdiction. (Docket Entry 9.) On April 29, 2015, Defendant filed the instant Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) of the Federal Rules of Civil Procedure. (Docket Entry 19.) A hearing on this issue was held on December 9, 2015. (Minute Entry dated 12/9/2015.)

The facts of this action center on Plaintiff's workers' compensation claim filed with the North Carolina Industrial Commission (pursuant to the North Carolina Workers' Compensation Act, N.C. Gen. Stat. § 97-1 *et seq.* ("The Act")) following injuries suffered during the course of his employment. (Compl. ¶¶ 9-47.) Plaintiff alleges that on December 19, 2013, while employed by Liverman Metal Recycling, Inc., he sustained serious injuries to his left foot and both legs after accidentally being run over by a Bobcat loader. (*Id.* ¶ 30.) Plaintiff then filed a claim for workers' compensation against Liverman and Defendant for the injury. (*Id.* ¶ 34.) Defendant, however, denied Plaintiff's claim for workers' compensation benefits, contending that Plaintiff was not employed by Liverman on the date of the injuries. (*Id.* ¶ 39.) Plaintiff alleges that Defendant's refusal to pay the workers' compensation claim constitutes a breach of the insurance contract between Liverman and Defendant, as well as several intentional torts for bad faith refusal to pay benefits and unfair and deceptive trade practices. (*Id.* ¶¶ 9-47.)

2

## II. DISCUSSION

A. Standard of Review

Defendant seeks dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Subject matter jurisdiction is both a Constitutional and statutory requirement which restricts federal judicial power to a limited set of cases and controversies. Thus, "no action of the parties can confer subject matter jurisdiction upon a federal court." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). When a defendant raises a 12(b)(1) challenge to a plaintiff's claim, "[t]he burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Const., Inc.*, 776 F.3d 271, 272 (4th Cir. 2015) (citing *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 2009). "A 12(b)(1) motion should be granted if, after engaging in any necessary fact-finding, the court determines that the movant is entitled to judgment as a matter of law." *Id.*

Because this is a diversity action, this court, sitting in North Carolina, is required to apply the law of North Carolina. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). "It is axiomatic that in determining state law a federal court must look first and foremost to the law of the state's highest court, giving appropriate effect to all its implications." *Generali, S.p.A v. Neil*, 160 F.3d 997, 1002 (4th Cir. 1998). If the state's highest court proves "unenlightening" on the issue, however, a federal court will ordinarily defer to the state intermediate appellate court. *Id.* The United States Supreme Court directs, "[w]here an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced

3

by other persuasive data that the highest court of the state would decide otherwise." *Id.* (citing *West v. AT&T*, 311 U.S. 223 (1940)); *see also Stoner v. New York Life Ins. Co.*, 311 U.S. 464, 467 (1940) ("[F]ederal courts, under the doctrine of *Erie* . . . must follow the decisions of intermediate state courts in the absence of convincing evidence that the highest court of the state would decide differently.").

B. Analysis

The sole issue before this Court is whether Plaintiff's breach of contract and intentional tort claims against Bridgefield, an insurance carrier, fall within the exclusive jurisdiction of the North Carolina Industrial Commission, who, "charged with administration of the Workers' Compensation Act, is better suited . . . to identify and regulate alleged abuses, if any, by insurance carriers and health care providers in matters under the Workers' Compensation Act." *N.C. Chiropractic Ass'n, Inc. v. Aetna Cas. & Sur. Co.*, 89 N.C. App. 1, 9, 365 S.E.2d 312, 316 (1988). Given the nature of Plaintiff's claims, the unambiguous decree of the North Carolina Court of Appeals that "*all* claims concerning the *processing* and *handling* of a workers' compensation claim are within the exclusive jurisdiction of the Industrial Commission, whether the alleged conduct is intentional or not[,]" and no apparent North Carolina Supreme Court precedent to the contrary, this Court is inclined to say they do. *Bowden v. Young*, 768 S.E.2d 622, 625 (N.C. Ct. App. 2015) (emphasis in original).

For decades, the North Carolina Industrial Commission has overseen the administration of the North Carolina Workers' Compensation Act, the purpose of which is "to provide compensation for an employee in [North Carolina] who has suffered an injury by accident which arose out of his employment, the compensation to be paid by the employer,

4

without regard to whether the accident and resulting injury was caused by the negligence of the employer." *Johnson v. First Union Corp.*, 131 N.C. App. 142, 144, 504 S.E.2d 808, 810 (1998) (citing *Lee v. American Enka Corp.*, 212 N.C. 455, 461–62, 193 S.E. 809, 812 (1937)). While it provides the exclusive remedy for work-related injury matters, the Act has been construed to give the Industrial Commission jurisdiction not only over those work-related injury claims but also any claims "ancillary" to the original injury—including those against insurance carriers. *Bowden*, 768 S.E.2d. at 624. Ancillary claims have included those related to fraud, bad faith, civil conspiracy, unfair and deceptive trade practices, and intentional infliction of emotional distress. *See Johnson*, 131 N.C. App. at 144, 504 S.E.2d at 810 (dismissing for lack of subject matter jurisdiction employees' claim that workers' compensation carrier had fabricated evidence and engaged in other fraudulent conduct); *Deem v. Treadaway & Sons Painting & Wallcovering*, 142 N.C. App. 472, 476–79, 543 S.E.2d 209, 211–13 (2001) (dismissing for lack of subject matter jurisdiction employee's fraud, bath faith, and unfair and deceptive trade practice claims against employer and insurance carrier for mishandling workers' compensation claim); *Bowden*, 768 S.E.2d. at 624–26 (dismissing for lack of subject matter jurisdiction employee's intentional infliction of emotional distress and bad faith claims against insurance carrier).

The standard generated by *Johnson*, *Deem*, and ultimately *Bowden* is clear: "all claims arising from an employer's or insurer's processing and handling of a workers' compensation claim fall within the exclusive jurisdiction of the Industrial Commission, regardless of whether the alleged conduct was intentional or merely negligent." *Bowden*, 768 S.E.2d. at 625. This Court is unpersuaded that the North Carolina Supreme Court would disagree with such a

proposition and therefore defers to the straightforward rule established by the North Carolina Court of Appeals.[2]

Having done so, this Court now turns to the question of whether Plaintiff's claims indeed "arise from an employer's or insurer's processing and handling of a workers' compensation claim," or otherwise. *Id.* Plaintiff contends that his claims are not ancillary to his original workers' compensation claim. He instead contends that he seeks a determination of his contractual rights as a third-party beneficiary, which he purports would entitle him to federal jurisdiction under *Lowery v. Campbell*, 185 N.C. App 659, 649 S.E.2d 453 (2007). Additionally, Plaintiff relies upon *Clark v. Gastonia Ice Cream Co.*, 261 N.C. 234, 134 S.E.2d 354 (1964), to further support his argument that the instant dispute falls outside the scope of employer-employee disputes ordinarily reviewed and adjudicated by the Industrial Commission. For the following reasons, however, this Court finds Plaintiff's *Lowery* and *Clark* arguments unconvincing.

This Court recognizes that Plaintiff's breach of contract claim will necessarily involve some exercise of contractual construction and determination of Plaintiff's rights under the agreement between Bridgefield and Liverfield. *Lowery*, however, does not hold that *all matters* pertaining to contractual construction and the determination of the rights of potential contract beneficiaries are absolutely beyond the scope of the Industrial Commission. *Lowery*, instead,

---

[2] Moreover, the North Carolina Supreme Court had opportunity to address both *Johnson* and *Deem*, but chose not to do so. *See Johnson v. First Union Corp.*, 131 N.C. App. 142, 504 S.E.2d 808, *rev. allowed*, 349 N.C. 529, 526 S.E.2d 175 (1998), *rev. improvidently allowed*, 351 N.C. 339, 525 S.E.2d 171, *reh'g denied*, 351 N.C. 648, 543 S.E.2d 870 (2000); *Deem v. Treadaway & Sons Painting & Wallcovering*, 142 N.C. App. 472 (2001), *rev. denied*, 354 N.C. 216 (2001).

6

only stands for the limited proposition that, after a complete Industrial Commission hearing and award of benefits to an employee from his sub-contractor employer, a subsequent action by an employee seeking *a declaratory judgment* of his rights with respect to an insurance agreement between a sub-contractor employer and its general contractor is beyond the scope of the "employer-employee" relationship ordinarily governed by the Workers' Compensation Act. *Lowery*, 185 N.C. App. at 663–64, S.E.2d at 455–56.

Here, Plaintiff, unlike the plaintiff in *Lowery*, does not seek a declaratory judgment of his rights to a secondary contract entitling him to compensation from the coffers of a general contractor. Instead, Plaintiff alleges breach of the very contract between insurance carrier and employer purportedly covering the workers' compensation claim filed by Plaintiff against his employer. His breach of contract claim, as well as his intentional tort claims, is far more proximate to the original injury and "employer-employee" relations ordinarily governed by the Workers' Compensation Act than the declaratory judgment action brought by the plaintiff in *Lowery*.

*Clark* is similarly inapplicable. *Clark* concerned only the Industrial Commission's *right to reform* an insurance policy in a proceeding in which a plaintiff asserted no claim against the issuer of the insurance policy — not its right to construe an insurance agreement that necessarily implicates the claimant's "employer-employee" relationship. Like *Lowery*, the *Clark* court issued a limited declaration, holding only that the Workers' Compensation Act "does not confer upon the Commission expressly or by implication jurisdiction to determine, in a proceeding in which plaintiff asserts no claim against [the insurance company], a [plaintiff's] asserted right to reform a policy and to recover from [the insurance company] the amount of

7

plaintiff's award." *Clark*, 261 N.C. at 240, 134 S.E.2d at 359. Plaintiff, here, does not seek reform of his insurance policy, and, having asserted a direct claim against Bridgefield concerning its handling of his workers' compensation claim, the factual symmetry between the instant action and *Clark* is wholly diminished.

Plaintiff instead raises questions about his employer's identity[3] and, believing his employer to be Liverman, whether Bridgefield's denial of his claim constitutes a breach of contract and/or an intentional tort. These claims do not fit within the limited exceptions carved out by *Lowery* and *Clark*, and are instead more appropriately categorized as "ancillary" to Plaintiff's original injury and subsequent processing and handling of his workers' compensation claim. Bridgefield's investigation and denial of Plaintiff's workers' compensation claim fits within the plain meaning of "processing and handling," and, having found no reason to disregard it, this Court defers to the clear dictates of *Bowden* and its progeny.

### III. CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that Defendant's motion (Docket Entry 19) be **GRANTED**, and this action is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction. A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 11th day of February, 2016.

/s/ Joe L. Webster
United States Magistrate Judge

---

[3] The parties recently notified the Court regarding the Industrial Commission's Interlocutory Opinion and Award. (Docket Entry 52.) The parties do not believe that opinion renders moot any part of Plaintiff's claims or Bridgefield's pending motion. (Docket Entry 53.)

8